Benjamin F. Wilson (D.C. Bar No. 965814)
BEVERIDGE & DIAMOND, P.C.
1350 I Street, N.W., Suite 700
Washington, DC 20005-3311
202-789-6000
202-789-6190 (fax)

*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM CALOMIRIS INVESTMENT CORP.,<br>4837 Wisconsin Avenue, NW, #200<br>Washington, D.C. 20016<br><br>NATIONAL CAPITAL PROPERTIES, LTD.,<br>910 17th Street, NW<br>Washington, D.C. 20006<br><br>GEORGE WILLIAM CALOMIRIS,<br>4837 Wisconsin Avenue, NW, #200<br>Washington, D.C. 20016<br><br>PETER CALOMIRIS,<br>2344 S Street, NW<br>Washington, D.C. 20016<br><br>PAULINE CALOMIRIS,<br>2344 S Street, NW<br>Washington, D.C. 20008<br><br>GEORGE DONALD CALOMIRIS,<br>4823 Sedgewick Street, NW<br>Washington, D.C. 20016<br><br>JOANN CALOMIRIS,<br>4823 Sedgewick Street, NW<br>Washington, D.C. 20016<br><br>JANICE CALOMIRIS,<br>5747 Potomac Avenue, NW<br>Washington, D.C. 20016-2559<br><br>            and | CASE NUMBER 1:05CV01881<br><br>JUDGE: Richard W. Roberts<br><br>DECK TYPE: Contract<br><br>DATE STAMP: 09/23/2005<br><br>**COMPLAINT**<br><br>*JURY TRIAL DEMANDED* |

| | |
|---|---|
| PENELOPE CALOMIRIS,<br>9826 Avenel Farm Drive<br>Potomac, MD  20854<br><br>        Plaintiffs,<br><br>   v.<br><br>TRANSPORTATION INSURANCE COMPANY,<br>CNA Plaza, Chicago, Illinois 60685<br><br>  Serve:  Lawrence H. Mirel, Commissioner<br>  Department of Insurance, Securities, and Banking<br>  810 1st Street, N.E., Suite 701<br>  Washington, D.C.  20002<br><br>  Courtesy copy:  L. Barrett Boss, Esq.<br>  1667 K Street, NW Suite 500<br>  Washington, D.C.  20006<br><br>      and<br><br>CONTINENTAL CASUALTY COMPANY,<br>CNA Plaza, Chicago, Illinois 60685,<br><br>  Serve:  Lawrence H. Mirel, Commissioner<br>  Department of Insurance, Securities, and Banking<br>  810 1st Street, N.E., Suite 701<br>  Washington, D.C.  20002<br><br>  Courtesy copy:  L. Barrett Boss, Esq.<br>  1667 K Street, NW Suite 500<br>  Washington, D.C.  20006<br><br>      Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## **COMPLAINT**

1.     This is a complaint for declaratory relief and damages relating to insurance coverage for alleged liabilities stemming from claims for bodily injury made by third-parties against Plaintiffs, who are insureds under Commercial General Liability ("CGL") policies (the

2

"Policies") issued by Defendants. One or more Plaintiffs paid substantial consideration for the Policies. Plaintiffs seek a judgment declaring that Defendants are obligated to defend and indemnify Plaintiffs in connection with such bodily injury claims. Plaintiffs also seek a judgment for unpaid defense costs and expenses and exemplary damages.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) and 28 U.S.C. § 2201 (declaratory relief).

3. The District of Columbia is a "State" for purposes of jurisdiction pursuant to 28 U.S.C. § 1332(d).

4. Plaintiff seeks damages in excess of $75,000, exclusive of interest and costs, as well as declaratory relief.

5. Venue is properly placed in the District of Columbia pursuant to 28 U.S.C. § 1391, as the events and acts or omissions giving rise to the claims occurred in the District of Columbia, the properties covered by the insurance policies are situate in the District of Columbia, and the policies of insurance were purchased in the District of Columbia. Additionally, all but one of the plaintiffs is a resident of the District of Colombia.

## PARTIES

6. Upon information and belief, Defendant Transportation Insurance Company is an insurance company incorporated under the laws of the State of Illinois with its principal place of business in Chicago, Illinois.

7. Upon information and belief, Defendant Continental Casualty Company is an insurance company incorporated under the laws of the State of Illinois with its principal place of business in Chicago, Illinois.

8. Plaintiff William Calomiris Investment Corporation is a Delaware corporation with a principal place of business in the District of Columbia, and is an insured under the Policies.

9. Plaintiff National Capital Properties, Ltd. is a District of Columbia limited partnership with a principal place of business in the District of Columbia, and is an insured under the Policies.

10. Plaintiff George William Calomiris is a resident of the District of Columbia and is an insured under the Policies.

11. Plaintiff Peter Calomiris is a resident of the District of Columbia and an insured under the Policies.

12. Plaintiff Pauline Calomiris is a resident of the District of Columbia and an insured under the Policies.

13. Plaintiff George Donald Calomiris is a resident of the District of Columbia and an insured under the Policies.

14. Plaintiff Joann Calomiris is a resident of the District of Columbia and an insured under the Policies.

15. Plaintiff Janice Calomiris is a resident of the District of Columbia and an insured under the Policies.

16. Plaintiff Penelope Calomiris is a resident of Maryland, who is alleged to have owned property in the District of Columbia with respect to the matters at issue, and an insured under the Policies.

## FACTS

17.Defendants sold to one or more Plaintiffs Commercial General Liability Policy No. Cl 76527168, for the policy periods April 1, 1998 to April 1, 1999, and April 1, 1999 to April 1, 2000.

18.Plaintiffs have been sued or may be sued in the Superior Court of the District of Columbia in an action entitled White et al. v. Calomiris et al., No. 03-1833-ABR (the "Underlying Action"). The Underlying Action against Plaintiffs seeks damages for alleged bodily injury to a minor child resulting from alleged exposure to lead-based paint in properties owned and/or managed by Plaintiffs.

19.The Underlying Action alleges that the minor child was exposed to lead during the policy periods and suffered continuing exposure throughout the policy periods of the Policies and thereafter.

20.Plaintiffs have spent significant sums investigating and defending against these claims.

21.Plaintiffs are named insureds or qualify as insureds under the Policies.

22.The Policies require Defendants to provide a defense (including payment of attorney fees and expenses in the Underlying Action) and to indemnify Plaintiffs for all costs, expenses or liabilities associated with the Underlying Action within the scope of coverage. The claims asserted in the Underlying Action are within the coverage of the Policies.

23.Plaintiffs fully and timely performed all conditions precedent to Defendants' obligations under the Policies and tendered the Underlying Action to Defendants.

24.Defendants have at times refused to provide a defense or to pay the legal costs associated with the Underlying Action. Despite their obligations under the Policies, Defendants

have wrongly and unreasonably failed to pay portions of defense costs and have delayed payment, without explanation or justification, and have otherwise proceeded in bad faith

25.     Defendants also wrongfully and unreasonably have refused to indemnify Plaintiffs relating to the Underlying Action.

26.     Plaintiffs seek a declaratory judgment that Defendants have a duty to defend and indemnify relating to the Underlying Action.

27.     Plaintiffs also seek compensatory and punitive damages.

## COUNT I
### (Declaratory Judgment)

28.     Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1 through 27 above as if set forth here.

29.     Defendants' aforesaid failure to defend and indemnify entitles Plaintiffs to a declaration adjudicating and decreeing Plaintiffs' rights under the Policies and a declaration that Defendants are obligated by the Policies to defend and indemnify Plaintiffs in the Underlying Action.

## COUNT II
### (Breach of Contract)

30.     Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1 through 29 above as if set forth here.

31.     Despite notice and demand upon Defendants to defend and indemnify Plaintiffs in connection with the Underlying Action, Defendants have wrongfully and unreasonably refused to defend and indemnify in material breach of their obligations under the Policies.

32.     Defendants have failed to pay defense and other costs in a timely and complete

manner.

33. As a result of Defendants' breach, Plaintiffs have expended and will expend substantial sums to defend against the Underlying Action and/or to pay any judgment.

34. Defendants' breach entitles Plaintiffs to recover all damages they suffered or will suffer as a result of such breach.

35. As a result of their breach under the Policies, Defendants waive all coverage defenses under the Policies.

36. Defendants' willful and malicious refusal to provide coverage and to timely and fully pay defense costs, taking into account the timing and circumstances, constitutes gross, wanton, and willful conduct and bad faith deserving of punitive and exemplary damages.

## COUNT III
### (Bad Faith)

37. Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1 through 36 above as if set forth here

38. Defendants have denied coverage under the Policies.

39. Defendants did not and do not have an objectively reasonable basis for denying benefits under the Policies.

40. Defendants knew or recklessly disregarded the lack of an objectively reasonable basis when they denied coverage.

41. Defendants failed to pay costs in a timely and complete manner.

42. Defendants' willful and malicious refusal to provide coverage and to timely and fully pay defense costs, taking into account the timing and circumstances, constitutes gross, wanton, and willful conduct and bad faith deserving of punitive and exemplary damages.

**WHEREFORE**, Plaintiffs respectfully request this Court to:

A. Declare that Defendants have a duty under the Policies to defend and indemnify Plaintiffs with regard to the Underlying Action;

B. Enter judgment in favor of Plaintiffs and against Defendants, jointly and severally, in the amount of all damages, whether direct, indirect or consequential, incurred;

C. Impose judgment against Defendants for punitive or exemplary damages;

D. Award Plaintiffs all attorneys fees and costs of litigation; and,

E. Award Plaintiffs such further relief as may be deemed just and proper.

September 23, 2005

Respectfully submitted,

Benjamin F. Wilson (D.C. Bar No. 965814)
BEVERIDGE & DIAMOND, P.C.
1350 Eye Street, N.W., Suite 700
Washington, DC 20005-3311
Tel: (202) 789-6000 Fax: (202) 789-6190

*Attorneys for Plaintiffs*

JURY TRIAL DEMANDED

455283v4 Washington 011614