Benjamin F. Wilson (D.C. Bar No. 965814)
David M. Williamson (D.C. Bar No. 462762)
BEVERIDGE & DIAMOND, P.C.
1350 I Street, N.W., Suite 700
Washington, DC  20005-3311
202-789-6000   202-789-6190 (fax)

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WM. CALOMIRIS INVESTMENT CORPORATION, INC., et al., )<br><br>Plaintiffs, )<br><br>v. )<br><br>TRANSPORTATION INSURANCE COMPANY, et al., )<br><br>Defendants. ) | Civil Action No. 05-1881-RWR |

## PLAINTIFF'S RESPONSE TO SHOW CAUSE ORDER AND
## SUGGESTION FOR STAY OF PROCEEDINGS

Plaintiffs William Calomiris Investment Corp., National Capital Properties, Ltd., Peter

Calomiris, George William Calomiris, Pauline Calomiris, Janice Calomiris, Joann Calomiris, and

Penelope Calomiris (collectively "the Calomirises") respectfully respond to this Court's show

cause order, dated October 19, 2005 [Dck. 6], directing Plaintiffs to show cause "why this case

should not be stayed or transferred" in light of a related case filed by Defendant Transportation

Insurance Company in the United States District Court for the District of Maryland.  See

Transportation Ins. Co. v. Wm. Calomiris Inv. Corp. et al., C.A. No. 05-2171 (D. Md., filed Aug.

10, 2005).  Plaintiffs respectfully respond that transfer or dismissal of this case would not be

appropriate because the Maryland district court lacks jurisdiction and venue is improper in the

District of Maryland, and consequently the Calomirises are moving to dismiss the District of

Maryland action.  See Thayer /Patricof Educ. Funding v. Pryor Resources, Inc., 196 F. Supp. 2d

21, 29-44 (D.D.C. 2002).  In contrast, jurisdiction and venue are proper in this Court.  The

Calomirises' papers in support of their motion to dismiss or transfer the District of Maryland

action are attached hereto for the Court's review (Exhibit A, hereto).  As additional grounds,

Plaintiffs state as follows:

1.        The Calomirises, insureds under two Commercial General Liability insurance

policies, filed this declaratory judgment and breach of contract action [Dck. 1] against Defendants,

their insurance carriers, seeking a declaration of coverage (including costs of defense and

indemnification) relating to a personal injury action brought by a third party against the

Calomirises in the District of Columbia Superior Court.  See White et al. v. Calomiris et al., No.

03-1833-ABR ("the underlying action").

2.        The Calomirises initiated action in this Court on September 23, 2005 [Dck. 1] in

reaction to a declaratory judgment action filed by Transportation Insurance Company

("Transportation") in the United States District Court for the District of Maryland.[1]  As discussed

in detail in the Calomirises' motion to dismiss (Ex. A, hereto), Transportation improperly filed a

preemptive declaratory judgment action in Maryland as a forum-shopping stratagem to gain a

procedural advantage over its insureds, the Calomirises.  As discussed in the motion to dismiss,

courts have uniformly held that this type of "procedural fencing" is improper in the insurance

---

[1] The competing declaratory judgment actions (Transportation's in Maryland and the Calomirises' in D.C.) were served on or about the same day, thus neither lawsuit is the "first filed" action as a practical matter.  However, as explained in the attached motion papers, it is irrelevant in the insurance context which party was the first to file.

context.  See, e.g., Aetna Casualty & Surety Co. v. Ind-Com Elec. Co., 139 F.3d 419, 424 (4th Cir.

1998).

3.      As also explained in the attached motion to dismiss, Transportation's actions were

especially egregious where Transportation made representations that led the Calomirises to

reasonably believe that there was no dispute over the provision of a defense, and the insurer

indicated that coverage would be provided up to certain limits, but then sued the Calomirises

without prior warning.[2]  Moreover, all the properties, alleged personal injuries, insurance policies,

and virtually all the parties were and are located in the District of Columbia, and any connection to

the District of Maryland is exceedingly tenuous.  (See Motion to Dismiss, Ex. A, hereto).

Tellingly, Transportation even retained D.C. counsel (along with a law firm from Philadelphia) to

represent them.

4.      This is by way of background, and the Calomirises are not asking this Court to

decide the merits of whether jurisdiction and/or venue are proper in Maryland.  That issue is

before the U.S. District Court in Maryland.  However, in the interests of justice and efficiency, and

out of comity to the Maryland district court, it would make sense to stay proceedings in this Court

temporarily until such time as the Maryland action is dismissed or transferred to the District, at

which time the cases could be consolidated if appropriate.

5.      In contrast, transfer to the district court in Maryland would be improper under 28

U.S.C. § 1404 and would also be an inefficient use of judicial resources.  Section 1404(a)

contemplates transfer only "[f]or the convenience of parties and witnesses, in the interest of

justice" and allows transfer only to a district "where [the claim] might have been brought."  First,

---

[2] As noted in the attached motion to dismiss, Transportation had initially denied coverage,
but later acknowledged its coverage obligations after seeking an opinion from outside counsel.

the Calomirises' action in this Court is broader than Transportation's action in Maryland (the

District of Columbia action includes breach of contract and other claims), thus the claims raised by

the Calomirises in this Court are more comprehensive and cannot be fully resolved in the

Maryland action.  The Calomirises' complaint also names a defendant not a party to the Maryland

lawsuit (Continental Casualty Company) and seeks broader relief (damages for bad faith conduct

and breach of contract) than in the action in Maryland.  This Court, unlike the Maryland court, can

dispose of all these issues.  Moreover, nearly all the parties, events, properties and the underlying

personal injury are in the District of Columbia.  For all these reasons, it would be inconvenient for

the Calomirises and any witnesses to litigate in Maryland.  Second, because the Calomirises, as

policyholders, are entitled to avail themselves of their home forum (the District of Columbia), the

Calomirises' claims could not be transferred to Maryland.  (See Motion to Dismiss at 9, Ex. A,

hereto).  Therefore, it would be unjust to deprive the Calomirises of their choice of forum.

Moreover, it seems unlikely that the Calomirises' action could have been brought in Maryland in

the first instance, given the lack of any substantial connection with that forum, and therefore does

not satisfy the requirement of 28 U.S.C. § 1404 that the action might have been brought in

Maryland.  In sum, the present action cannot be transferred, and instead of litigating the case in

piecemeal fashion, this Court should stay these proceedings until resolution of the Calomirises'

pending motion to dismiss Transportation Insurance Company's Maryland complaint.

      6.     This Court recently declined to transfer an action under almost identical

circumstances in Thayer /Patricof Educ. Funding v. Pryor Resources, Inc., 196 F. Supp. 2d 21, 29-

44 (D.D.C. 2002) (denying motion to transfer where a motion to dismiss was currently pending in

a related case on grounds of procedural fencing, and where the case had substantial contacts to the

District of Columbia).  In Thayer, this Court determined that a lawsuit filed in the District of

4

Kansas by defendants named in a later-filed District of Columbia action was likely a preemptive

strike, and accordingly the Court refused to transfer the District of Columbia action to Kansas.

Like the case *sub judice*, the Thayer court noted that a motion to dismiss was currently pending in

the other jurisdiction on the grounds of procedural fencing and the case had substantial contacts to

the District of Columbia, which militated heavily in favor of trying the case in the District of

Columbia.  This Court held that even though the Kansas suit was filed first, it would not transfer

the case, stating that the Kansas action was "essentially a declaratory judgment action" and had

"all the makings of a preemptive strike" by the Kansas plaintiff (here, akin to Transportation

Insurance Company) against the D.C. plaintiff (here, the Calomirises).  Id. at 30.  Based on these

facts, as well as the contacts the case had with the District of Columbia (which were far less

substantial than the instant case), this Court denied the request for transfer or dismissal.

7.     Accordingly, there is ample reason not to transfer this case.  However, the

Calomirises recognize that it may make sense to stay these proceedings pending consideration by

the District of Maryland as to whether that court lacks jurisdiction over Transportation's claims in

the first instance.

## Conclusion

For the reasons set forth herein, Plaintiffs respectfully request that this action not be

dismissed or transferred pending a decision by the United States District Court for the District of

Maryland as to whether to dismiss (or alternatively transfer to D.C.) the related District of

Maryland action.  As a matter of judicial efficiency and convenience for the parties, Plaintiffs

would not oppose a temporary stay of the proceedings in this Court.


October 31, 2005                                        Respectfully submitted,

                                                         /s/  David M. Williamson
                                                       _____
                                                       Benjamin F. Wilson (D.C. Bar No. 965814)
                                                       David M. Williamson (D.C. Bar No. 462762)
                                                       BEVERIDGE & DIAMOND, P.C.
                                                       1350 I Street, N.W., Suite 700
                                                       Washington, DC  20005-3311
                                                       202-789-6000
                                                       202-789-6190 (fax)

                                                       *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that a copy of Plaintiffs' Response to Show Cause Order was served electronically this 31st day of October, 2005, in compliance with Fed. R. Civ. P. 5(a) on the following parties:

L. Barrett Boss, Esq.
COZEN O'CONNOR
1667 K Street, NW Suite 500
Washington, D.C.  20006

William P. Shelley, Esq.
Stephen R. Bishop, Esq.
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA  19103

*Attorneys for Plaintiff*

/s/  David M. Williamson

_____

David M. Williamson